# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LARRY LEE SMITH, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 15-0505-CV-W-DGK-P |
| MO DEPARTMENT OF MENTAL HEALTH, | ) ) ) |
| Respondent. | ) |

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

Petitioner, who has been involuntarily committed to the Missouri Department of Mental Health (MDMH) and is currently confined at the Fulton State Hospital in Fulton, Missouri, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his continued confinement. The Probate Division of the Circuit Court of Jackson County, Missouri, entered a judgment declaring petitioner incapacitated and disabled on September 16, 2014, and appointed petitioner's sister, Lainda Drake, as his guardian. At Ms. Drake's request, the court ordered that petitioner be admitted to the Fulton State Hospital on October 14, 2014.

Petitioner raises four (4) grounds for relief. However, those grounds for relief appear to be excerpts from Section 2244 of the U.S. Code, and petitioner's supporting facts raise issues regarding a presentence investigation report, the U.S. Sentencing Guidelines, an ex post facto application of a state statute, res judicata barring particular probation procedures and supervision, unspecified due process concerns regarding his "insanity proceeding[,]" unspecified unconstitutional searches and seizures, and the voluntariness of unspecified testimony used against him when he was a pre-trial detainee. Respondent contends that none of the grounds raised by petitioner address his current confinement and do not state cognizable grounds upon which federal habeas relief may be granted.

Respondent is correct. Petitioner has failed to allege cognizable grounds upon which federal relief may be granted, and he has failed to allege sufficient facts to challenge the judgment of incapacity and

disability or the order admitting him to the Fulton State Hospital. Petitioner's grounds for relief are simply excerpts from a portion of the U.S. Code that sets forth when the statute of limitations began to run for his petition and his supporting facts have little relation to the validity of his current confinement. Petitioner's petition is riddled with nonsensical, conclusory statements, and he has failed to establish that he is currently in "custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Consequently, this petition will be denied and this case will be dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is **DENIED**;

(2) this case is **DISMISSED** with prejudice; and

(3) a certificate of appealability is **DENIED**.

/s/ Greg Kays
GREG KAYS
CHIEF UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: January 25, 2016.